**Susanna SEVOYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77361.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 9, 2007 *.

Filed July 16, 2007.

Alexander Morales, Esq., Boghosian Morales & Carrillo, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, David P. Avila, Esq., DOJ—U.S. Department of Justice, Criminal Div., Appellate Sect., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Susanna Sevoyan, a native and citizen of Armenia, petitions for review of a decision by the Board of Immigration Appeals. The Board dismissed Sevoyan's appeal from the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Board conducted a de novo review of the IJ's oral decision. Our review is therefore limited to the Board's decision, "except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation marks omitted). We review whether the Board's conclusions are supported by substantial evidence. *Id.* We will grant the petition only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006).

Substantial evidence supports the Board's conclusion that the harassment and discrimination alleged by Sevoyan did not rise to the level of past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (three-day detention involving multiple beatings with blunt instrument did not constitute persecution). The

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cumulative effect of Sevoyan's two arrests and interrogations does not compel the conclusion that she suffered past persecution on the basis of religion. *Cf. Guo v. Ashcroft*, 361 F.3d 1194, 1197–98 (9th Cir. 2004) (two detentions totaling sixteen days and multiple severe beatings).

Substantial evidence supports the Board's additional conclusion that Sevoyan did not demonstrate an objectively well-founded fear of future persecution upon return to Armenia. Sevoyan's testimony and the relevant State Department reports do not contain objective evidence that Armenian authorities would be likely to persecute Sevoyan. *Cf. Krotova v. Gonzales*, 416 F.3d 1080, 1082–83 (9th Cir.2005) (objective fear of persecution supported by multiple physical attacks on petitioner's religious group).

Because Sevoyan is ineligible for asylum, she necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Sevoyan's claim for CAT relief also fails. She has not shown that it is more likely than not that she will be tortured if she returns to Armenia. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

BERZON, dissenting.

I dissent. I do not believe that our case law supports the Board's conclusion that Sevoyan failed to establish past persecution.